IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00876-WJM-BNB

XY, LLC,

Plaintiff,

v.

TRANS OVA GENETICS, L.C.,

Defendant,

v.

XY, LLC, and
INGURAN, LLC,

Counterclaim Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1) **Unopposed Motion for Leave to File First Amended Complaint** [Doc. # 8, filed 4/4/2013] (the "Motion to Amend");

(2) **XY's and Inguran's Unopposed Motion for Leave to File Under Seal** [Doc. # 2-4, filed 4/4/2013] (the "First Motion to Restrict Access"); and

(3) **XY, LLC's Unopposed Motion for Leave to Seal** [Doc. # 2-5, filed 4/4/2013] (the "Second Motion to Restrict Access").

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict access. It provides in relevant part:

**A. Policy.** The public shall have access to all documents filed

>with the court and all court proceedings, unless restricted by court order or as provided in Section D of this rule.
>
>**B. Motions to Restrict Access.** Any motion to restrict public access will be open to public inspection and must:
>
>1. Identify the document or the proceeding for which restriction is sought;
>
>2. Address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);
>
>3. Identify a clearly defined and serious injury that would result if access is not restricted;
>
>4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
>5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

The important public interests in open court records are discussed in Huddleson v. City of Pueblo, 270 F.R.D. 635 (D. Colo. 2010), and include:

>People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing. The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly.

Id. at 635 (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509 (1984)).

The right to inspect and copy judicial records is not absolute, however. To the contrary:

> All courts have supervisory powers over their own records and files. Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests.
>
> \* \* \*
>
> [B]ecause the analysis of the question of limiting access is necessarily fact-bound, there can be no comprehensive formula for decisionmaking. The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). Privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness. Huddleson, 270 F.R.D. at 637.

The First Motion to Restrict Access is directed to Exhibits F and G to a motion to stay discovery. The totality of the argument in support of restricting access is XY and Inguran's bald assertion that "they contain references to XY's and Inguran's sensitive, proprietary, and confidential information." First Motion to Restrict Access [Doc. # 2-4] at p. 1. I have reviewed the exhibits. They contain nothing that may fairly be characterized as sensitive, proprietary, or confidential.

The Second Motion to Restrict Access is directed to Exhibits A and B to the First Amended Complaint. Exhibit A are copies of a Commercial License Agreement and an Addendum to Commercial License Agreement. Exhibit B is a letter containing a Notice of Termination of Commercial Lease Agreement and attached screen shot from an internet website. The totality of the argument in support of restricting access to these documents is that they "contain confidential information about XY's licensing practices. . . ." Second Motion to Restrict Access [Doc. # 2-5] at p. 1. Although some limited portions of the exhibits may be

confidential, it is obvious that much of the material is not. For example, I doubt that any part of Sections One, Four, Five, or Six of the Commercial License Agreement is confidential. Similarly, the internet screen shot certainly is not confidential. Rather than restricting access to the entire documents, XY should submit a revised copy of the exhibits to be open to public inspection which redacts only that material which really is confidential.

IT IS ORDERED:

(1) The Motion to Amend [Doc. # 8] is GRANTED. The Clerk of the Court is directed to accept for filing the First Amended Complaint [Doc. # 8-1];

(2) The First Motion to Restrict Access [Doc. # 2-4] is DENIED. Doc. # 2-4 containing Exhibits F and G to the Motion to Stay Discovery shall not be restricted and shall be open to public inspection;

(3) The Second Motion to Restrict Access [Doc. # 2-5] is DENIED; however, Doc. # 2-5 containing Exhibits A and B to the First Amended Complaint shall remain subject to Restriction, Level 1; and

(4) On or before April 25, 2013, XY shall file copies of Exhibits A and B to the First Amended Complaint which shall be unrestricted and open to public inspection and which shall redact only that material which really is confidential.

Dated April 11, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge