**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0876-WJM-BNB

XY, LLC,

    Plaintiff,

v.

TRANS OVA GENETICS, LLC,

    Defendant.

v.

INGURAN, LLC

Counterclaim Defendant.

---

**ORDER REQUESTING STATUS REPORT**

---

This matter is before the Court *sua sponte*. It involves a civil action for patent infringement, among other claims. Plaintiff XY, LLC ("Plaintiff") asserts ten patents against Defendant Trans Ova Genetics L.C. ("Defendant"), for patent infringement pursuant to 35 U.S.C. §§ 271 *et seq*—including: United States Patent No. 7,820,425, United States Patent No. 6,357,307, United States Patent No. 6,604,435, United States Patent No. 6,782,768, United States Patent No. 6,263,745, United States Patent No. 7,713,687, United States Patent No. 7,771,921, United States Patent No. 6,149,867, United States Patent No. 6,524,860, and United States Patent No. 7,195,920 (the "Asserted Patents"). (ECF No. 15 at 1-2.)

On June 20, 2013, Defendant Trans Ova filed an Answer, which pled no less than twenty-nine affirmative defenses, including, *inter alia,* 35 U.S.C. § 102, 103 and

112, *inter alia.* (ECF No. 31 at 12-15.) These defenses also included inequitable conduct and patent misuse. (*Id.*) Counterclaims also pled in Defendant's Answer include allegations of monopolization pursuant to the Sherman Act, 15 U.S.C. § 2. (*Id.* at 53.)

This matter is not insignificant. The filings above are illustrative, and only provide a snapshot of what is potentially involved in this case should it proceed to trial. The Court notes that it has recently reviewed U.S. Magistrate Judge Boyd N. Boland's Scheduling Order. (ECF No. 24.) The Court has also reviewed the transcript from the Scheduling Conference that was set for June 6, 2013. (ECF No. 32.) During the Scheduling Conference, the Court observes that the parties made several references to settlement—resulting in a settlement conference being set for July 26, 2013 before Magistrate Judge Boland. (*Id.*) The Court encourages such developments.[1]

Notwithstanding this, the Court also observes that this case is "extensive and voluminous." (*Id.* at 11.) This was expressly acknowledged at the Scheduling Conference. Thus, to allow the Court to better understand this dispute—and accommodate any potential Claim Construction hearing should the matter not settle at this stage—the Court DIRECTS the parties to prepare a Joint Status Report as follows:

---

[1] The Court encourages compromise, and has said as much in recent matters involving complex patent disputes, such as this, where multiple patents are involved. *See Otter Products, LLC v. Treefrog Developments, Inc.*, 2013 WL 490964,*2-*3 (D. Colo. 2013) ("Compromise between the parties is always encouraged. Compromise allows the parties to focus on those points that count, allowing the merits of the case to be better assessed. Given the many issues that arise in patent litigation, this would seem most apt.") The Court was also encouraged by the level of compromise regarding the dismissal of outstanding motions that were before the Court and voluntarily dismissed under Judge Boland's oversight at the Scheduling Conference on June 6, 2013. Such compromise should be applauded, and in a matter of this size, and being a patent matter, it will hopefully continue.

1. **Status:** The Parties are to indicate **(a)** nature of the dispute by broadly summarizing the nature of technology (and whether the patents involve product and process patents, or both); **(b)** the current status of the proceedings; **(c)** any and all pending motions, **(d)** any other issues which are relevant to the litigation.

2. **Settlement Prospects:** The Parties are to indicate the prospects of settlement (at this juncture of the proceedings) by indicating on a scale of 1-10 the prospects of the Parties settling, with a score of 10 being highly possible and a score of 1 being near impossible.

3. **Claim Construction:** The Parties are to assess whether Claim Construction[2] would promote settlement (if this case does not settle at the settlement conference set for later this month)—by providing greater certainty as to specific claim terms, in the context of the prior art. To this end, the Parties should indicate **(a)** the anticipated length of time necessary for a Claim Construction Hearing; **(b)** whether any Party proposes to call one or more witnesses, including experts (and their potential testimony);[3] **(c)** a list of any other issues which might

---

[2] The Court notes that Judge Boland's Scheduling Order provided that "on or before July 8, 2013, the parties shall file a motion for a Claim Construction Hearing." (ECF No. 24 at 7.)

[3] Given that the Status Report is to be no more than six pages, this sub-paragraph need only provide a sentence or two on each expert's testimony (if any). The parties need not provide a name of the expert, but the kind of person who would be skilled in the art (and what they may testify to).

appropriately be taken up at a pre-hearing conference prior to the Claim Construction Hearing.

4. **Dispositive Motions:** Given what was addressed by the Parties at the Scheduling Conference, the Court confirms that the Parties may each file one "Early Motion for Partial Summary Judgment" by **no later than August 16, 2013.**[4]  Such motions were expressly discussed at the Settlement Conference (ECF No. 32 at 27-29), and this may include a motion related to the antitrust claims on the one hand, or inequitable conduct or 35 U.S.C. § 101 on the other.  The motion filed by either Party need not be limited to these subject areas.  But the Parties should briefly outline in the Status Report the extent to which any Early Motion for Partial Summary Judgment would narrow the issues in dispute (and potentially assist in settlement negotiations should the matter not settle on July 26, 2013, and or reducing the estimated trial period).

---

[4] This date has been modified from the Court's typical procedures, so that the Parties are afforded time to file the motions until after the Settlement Conference before Judge Boland on July 26, 2013. The Court notes that an Early Motion for Partial Summary Judgment will not count against that Party should it wish to file a second motion at the conclusion of pretrial discovery, consistent with WJM Revised Practice Standard V.E.1. (The Practice Standard stating: "Subject to any other order I might enter in a particular case with regard to motions filed under Fed. R. Civ. P. 56, each party shall be limited to the filing of a single motion for summary judgment customarily filed at the conclusion of pretrial discovery. In addition, however, within 30 days after entry of the initial scheduling order, a party may also file one early motion for partial summary judgment ("Early Motion for Partial Summary Judgment") which presents a substantial and well-supported argument for significantly reducing the claims or issues in the case. No Party may file a second motion for summary judgment, or a second Early Motion for Partial Summary Judgment, without prior leave of court, which shall be granted in only the most extraordinary circumstances.")

**5.** **Timing:** The Parties are to jointly file the Status Report by **no later than July 15, 2013 at 12:00 noon.** Such filing shall not to exceed six pages in length exclusive of the caption page, attorney signature blocks and certificate of service.

Dated this 3rd day of July, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge
