IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-00876-WJM-BNB

XY, LLC,

Plaintiff/Counterclaim Defendant,

v.

TRANS OVA GENETICS, L.C.,

Defendant/Counterclaim Plaintiff,

v.

INGURAN, LLC,

Counterclaim Defendant.

___

**CONFIDENTIALITY AND PROTECTIVE ORDER**
___

Before the court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1. Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. **Qualified Persons**

"Qualified Persons" means:

a. For Attorneys' Eyes Only:

    i. retained counsel for the parties in this litigation and their respective staff;

    ii. independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties), subject to the objection period set out in section 11(b), where the party seeking to disclose information has provided written notice that includes:

        1. the name of the person;

        2. the present employer and title of the person;

        3. an up-to-date curriculum vitae;

        4. a list of current and past consulting relationships undertaken within the last four years; and

        5. a signed copy of the person's agreement to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person); and

    iii. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b. For Confidential information:

    i. the persons identified in subparagraph 2(a);

    ii. the party, if a natural person;

    iii. if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case who, prior to any disclosure of Confidential information to such person, have been designated in writing by notice to all counsel and have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney designating such person);

    iv. litigation vendors, court reporters, and other litigation support personnel;

    v. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

Such other person as this court may designate after notice and an opportunity to be heard.

**3. Designation Criteria**

  a. *Nonclassified Information*.  Classified Information shall not include information that either:

    i. is in the public domain at the time of disclosure, as evidenced by a written document;

    ii. becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

    iii. the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

    iv. lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

  b. *Classified Information*.  A party shall designate as Classified Information, including both Confidential and Attorneys' Eyes Only designated information, only such information that the party in good faith believes in fact is confidential.  Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Classified.

Information and documents that may be designated as Classified Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, ~~personnel files~~, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order,

may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

~~Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.~~

   c. *For Attorneys' Eyes Only*. The designation "Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

   d. *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

  **4.** **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

  **5.** **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Attorneys' Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

6. **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as "Attorneys' Eyes Only" for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**7. Disclosure to Qualified Persons**

a.  *To Whom*. Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.  *Retention of Copies During this Litigation*. Copies of "Attorneys' Eyes Only" information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to Qualified Persons described in subparagraphs 2(a)(ii) or 2(a)(iv), in the offices of those Qualified Persons. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.  Each party's outside counsel shall maintain a log of all copies of "Attorneys' Eyes Only" documents that are delivered to Qualified Persons.

### 8. Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential information or "Attorneys' Eyes Only" information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 9. Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential" or "Attorneys' Eyes Only" by the producing party.

### 10. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 11. Challenging the Designation

*a.     Classified Information*. A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

*b.     Qualified Persons*. In the event that any party in good faith disagrees with the designation of a person as an expert or consultant under 2(a)(ii), or the disclosure of particular Classified Information to such person, that party may object in writing within 7 days of the designation or disclosure. No disclosure of Classified Information shall be made to a designated expert or consultant prior to the expiration of this 7-day objection period. In the absence of any objection at the end of the 7-day period, the designated expert or consultant shall be deemed an approved Qualified Person under this Protective Order. If an objection is made, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the expert or

consultant, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

12. **Manner of Use in Proceedings**

**Any request to restrict access must comply with the requests of D.C.COLO.LCivR 7.2.** ~~In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in camera review; or (3) file any such information with restricted access in compliance with the requirements of D.C.COLO.LCivR.7.2.~~

~~13. **Restricted Access to Documents Filed with the Court**~~

~~The clerk of this court is directed to restrict access to all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers designated, in whole or in part, as Classified Information by any party to this litigation and filed in accordance with the requirements of D.C.COLO.LCivR 7.2.~~

14. **Return of Documents**

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or

descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 15. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 16. Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**17.    Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**18.    Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**19.    Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

Dated October 2, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge