**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0876-WJM-BNB

XY, LLC,

    Plaintiff / Counterclaim Defendant,

v.

TRANS OVA GENETICS, LC,

    Defendant / Counterclaim Plaintiff,

v.

INGURAN, LLC,

    Third Party Defendant.

---

**ORDER GRANTING IN PART DEFENDANT'S EARLY
MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff XY, LLC ("Plaintiff") brings this action for patent infringement, breach of contract, and related claims against Defendant Trans Ova Genetics, LC ("Defendant"). (Second Am. Compl. ("SAC") (ECF No. 113).) This matter is before the Court on Defendant's Early Motion for Partial Summary Judgment ("Motion") as to Plaintiff's claims for breach of contract and a declaratory judgment. (ECF No. 51.) For the reasons set forth below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

The relevant undisputed facts are as follows. This case arises out of a Commercial License Agreement ("Agreement") that the parties entered into on April 16, 2004, under which Plaintiff licensed its patented sex-selection technology to Defendant

for use in the animal breeding industry, subject to a variety of conditions. (Movant's Statement of Material Facts ("MSMF") (ECF No. 51 at 2-5) ¶ 1; ECF No. 51-1.) Among other limitations and requirements, the Agreement included limits on the customers to whom Defendant could sell sex-selected animal semen. (ECF No. 50 at 3-8.) In the event of certain breaches of these limitations and requirements by Defendant, the Agreement provided for termination in writing by Plaintiff. (*Id.* at 10.)

On November 20, 2007, Plaintiff delivered a letter to Defendant asserting that Defendant had breached the Agreement in various ways and declaring the agreement terminated (the "Termination Letter"). (MSMF ¶ 6; ECF No. 50-1.) On December 12, 2007, Defendant delivered a letter to Plaintiff indicating that it disagreed with Plaintiff's assertion of breach and termination of the Agreement. (MSMF ¶ 8.) Over the course of multiple years, the parties negotiated but failed to resolve the dispute. (*Id.* ¶¶ 9-10.) During this time, Defendant made royalty payments to Plaintiff pursuant to the Agreement, but Plaintiff has declined all such payments. (*Id.* ¶ 11.)

Plaintiff filed its original complaint against Defendant in the District Court for the Western District of Texas on March 5, 2012, bringing claims for patent infringement. (MSMF ¶ 14; ECF No. 4.) Pursuant to an arbitration provision in the Agreement, Plaintiff asserted its breach of contract claims in an arbitration proceeding filed on March 6, 2012, and sought a declaration that the Termination Letter effectively ended the Agreement. (MSMF ¶ 12.) The parties subsequently agreed to consolidate the claims in arbitration with those in the District Court case, without waiver of any claim or defense, and Plaintiff filed an Amended Complaint adding the contract claim and declaratory judgment claim to the District Court case. (*Id.* ¶ 15; ECF No. 15.) The

action was transferred to this Court on April 4, 2013. (ECF No. 1.)

Defendant filed the instant Motion on September 6, 2013, arguing that the breach of contract and declaratory judgment claims were time-barred. (ECF No. 51.) Plaintiff filed a Response (ECF No. 75), and Defendant a Reply (ECF No. 88). Plaintiff subsequently filed a Second Amended Complaint (ECF No. 113), which amended Plaintiff's complaint in ways irrelevant to the instant Motion. Thus, the Motion is ripe for disposition.

## II. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## III.  ANALYSIS

Defendant challenges two of Plaintiff's claims on statute of limitations grounds, namely Count XII for a declaratory judgment that the Agreement was terminated (the "Declaratory Judgment Claim"), and Count XIV for breach of contract (the "Breach of Contract Claim").  (ECF Nos. 51 & 53.)  Defendant argues that both claims are untimely under Colorado's three year statute of limitations for a breach of contract, because both claims accrued on or before November 20, 2007 when Plaintiff sent Defendant the Termination Letter.  (ECF No. 53 at 3-7.)  Plaintiff raises distinct arguments as to each challenged claim.  (*See* ECF No. 75.)  Accordingly, the Court will discuss each claim in turn.

**A.     Breach of Contract**

Defendant argues in its Motion that Plaintiff's Breach of Contract Claim is time-barred because it necessarily accrued at some point prior to the date Plaintiff sent the Termination Letter, on November 20, 2007.  (ECF Nos. 51 & 53.)  The parties agree that Colorado law applies to the challenged claims, and that the Colorado statute of limitations for breach of contract is three years from the date of accrual.  Colo. Rev. Stat. § 13-80-101(1)(a).  The parties also agree that a breach of contract claim in Colorado "accrues on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence."  *Id.* § 13-80-108(6).  However, Plaintiff contends that the three-year statute does not bar its Breach of Contract Claim.  (ECF No. 75 at 5-6.)

Plaintiff first argues that the limitations period is extended because Defendant has breached the contract on a repeated, ongoing basis. (*Id.*) In support of this argument, Plaintiff relies on a case in the Colorado Court of Appeals which held that the plaintiffs' claim for breach of covenants running with the land was not barred by the statute of limitations, despite the fact that the plaintiffs were aware of the initial breach many years prior, because the defendants' continued conduct constituted repeated and successive breaches. (*Id.* (citing *Barker v. Jeremiasen*, 676 P.2d 1259, 1261 (Colo. Ct. App. 1984).) However, *Barker* did not extend the statute of limitations to permit the plaintiffs to recover damages for breaches older than three years; it merely clarified that the claim was not barred, even if the breaching conduct was first discovered prior to the three-year statutory limit, because of the continual recurrence of that conduct. *Id.* at 1262 (holding that breach of contract claim was not time-barred in its entirety, but that "any damage claim for a breach which occurred before July 2, 1976, three years prior to the date this action was filed, was barred" by the statute of limitations). Thus, *Barker* permits the Court to find in this case that the Breach of Contract Claim is not time-barred to the extent that it is based on successive breaches of contract accruing after March 6, 2009, even if the claimed breaches of contract resulted from the same conduct of which Plaintiff complained on November 20, 2007 in the Termination Letter. However, *Barker* does not provide a basis for the Court to allow Plaintiff to recover for breaches accruing prior to March 6, 2009, such as the specific breaches cited in the Termination Letter.

Next, Plaintiff cites the six-year statute of limitations for an action to recover

unpaid royalties, arguing that its Breach of Contract Claim is subject to that limitations period because it seeks, in part, unpaid and underpaid royalties. (ECF No. 75 at 8-9.) However, the royalty payments sought are principally the subject of Plaintiff's Count XV, for unjust enrichment and constructive trust, not Count XIV, the Breach of Contract Claim. (*See* SAC ¶¶ 89, 95-96.) Furthermore, to the extent that an accounting and payment of royalties are among the damages sought for the alleged breach of contract, that request for relief does not convert Plaintiff's Breach of Contract Claim into one for unpaid royalties, nor does it permit Plaintiff to recover other damages for other alleged breaches accruing prior to March 6, 2009. Here, the alleged breaches are based on conduct largely unrelated to any failure to pay royalties; indeed, it is undisputed that Defendant has attempted to make royalty payments pursuant to the Agreement, and that Plaintiff has declined those payments since 2007 in accordance with its belief that the Agreement was properly terminated. (*See* SAC ¶ 13.) Thus, Plaintiff's Breach of Contract Claim is subject to the three-year statute for actions in contract, which bars recovery for any breaches that accrued prior to March 6, 2009. *See* Colo. Rev. Stat. § 13-80-101(1)(a).

Defendant makes no argument in its Motion as to any specific contractual breaches after March 6, 2009, relying exclusively on the November 20, 2007 accrual of the initial alleged breaches to support its argument that the Breach of Contract Claim is time-barred. (*See* ECF No. 53 at 7.) The Court agrees with Plaintiff that there are factual questions as to the accrual dates of the various breaches of contract that Plaintiff alleges. (*See* ECF No. 75 at 7-8.) Accordingly, the Court declines to rule on when those breaches accrued, and concludes only that the statute of limitations does

6

not bar Plaintiff's Breach of Contract Claim as to any specific breach that accrued after March 6, 2009. Thus, the Motion is denied as to Plaintiff's contract claim accruing after March 6, 2009, and is granted as to any contract claim accruing before that date.

**B.     Declaratory Judgment**

Defendant moves for summary judgment as to Count XII, Plaintiff's Declaratory Judgment Claim, on the grounds that it is time-barred. (ECF No. 53 at 5-6.) A claim for a declaratory judgment has no fixed statute of limitations of its own. *See* 28 U.S.C. § 2201. "What determines the applicable limitations period is the basic nature of the suit in which the issues involved would have been litigated if the Declaratory Judgment Act had not been adopted." *Ace Prop. & Cas. Ins. Co. v. Superior Boiler Works, Inc.*, 504 F. Supp. 2d 1154, 1159-60 (D. Kan. 2007) (citing *118 E. 60th Owners, Inc. v. Bonner Props., Inc.*, 677 F.2d 200, 202 (2nd Cir. 1982)); *Luckenbach S.S. Co. v. United States*, 312 F.2d 545, 548 (2d Cir. 1963) ("There are no statutes which provide that declaratory relief will be barred after a certain period of time. Limitations periods are applicable not to the form of relief but to the claim on which the relief is based."). When determining whether a declaratory judgment claim is time-barred, "[t]he nature of the cause of action determines the applicable statute of limitations." *Bechler v. Kaye*, 222 F.2d 216, 220 (10th Cir. 1955), *cert. denied*, 350 U.S. 837; *see also Luckenbach S.S.*, 312 F.2d at 548 n.2 ("In determining what statute of limitations applies to a claim, it is [the] substance of the right sued on, and not the remedy invoked, that governs.").

Defendant points out that Plaintiff's Declaratory Judgment Claim is, on its face, in the nature of a contract action, because it asks for a declaration that the Termination

Letter validly terminated the Agreement on November 20, 2007.  (ECF Nos. 51 at 7; 53 at 5-6.)  Defendant argues that the question of whether the Agreement was breached is a necessary predicate to determining whether the Termination Letter was effective, and thus the action is principally in the nature of contract.  (ECF No. 92 at 2.)  Because Plaintiff cannot prove patent infringement without demonstrating that the license was terminated, Defendant contends that Plaintiff's suit as a whole depends on proving the initial contractual breach.  (*Id.*)  In response, Plaintiff contends that the Declaratory Judgment Claim is not subject to any time limitation because it is based on the patent infringement claims, not the Breach of Contract claim.  (ECF No. 75 at 10-12.)

The Court agrees that the Declaratory Judgment Claim asks it to adjudicate a breach of contract that accrued more than three years before the action was filed, and that the determination of whether the Agreement was in effect is a necessary component of determining whether the infringement claims are valid.  Nevertheless, the Court disagrees that the three-year statute for contract claims necessarily applies to the Declaratory Judgment Claim.  Rather, the Court is persuaded by Plaintiff's argument that the nature of the Declaratory Judgment Claim is actually patent infringement.

Plaintiff cites a decision by the Federal Circuit, *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324 (Fed. Cir. 2002), which held that, for the purposes of subject matter jurisdiction, a case was an infringement action rather than a contract action despite the existence of contract claims.  (ECF No. 75 at 10-11.)  The plaintiff's claims in *Pixton* were in the same posture as the instant case: the plaintiff alleged that the defendant had breached a license agreement and terminated the license, the plaintiff sued for infringement, and the defendant raised the existence of a valid license as a defense.

8

*Pixton*, 291 F.3d at 1326.  The *Pixton* Court analogized the case to a previous Federal Circuit decision with similar facts, *Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559 (Fed. Cir. 1985), which held that the necessity to determine the scope or validity of a license in order to decide an infringement claim did not turn a patent infringement suit into a contract suit.  755 F.2d at 1564-65 ("That resolution of a question of state law may render federal questions moot does not deprive a federal court of subject matter jurisdiction where the plaintiff bases his claim upon, and seeks remedies under, the patent laws, even where the complaint anticipates a defense of license.") (citing *Luckett v. Delpark, Inc.*, 270 U.S. 496, 510 (1926)).  Accordingly, *Pixton* followed *Air Products* in holding that the case was "an action for patent infringement in which the defendant has asserted the defense of license."  *Pixton*, 291 F.3d at 1327.

The cases Plaintiff cites are not precisely on point, because they discussed the nature of the action for purposes of subject matter jurisdiction, not for purposes of determining the statute of limitations of a declaratory judgment claim.  However, both analyses require a determination of the "nature of the cause of action" as defined by the substance of the complaint.  See *Bechler*, 222 F.2d at 220; *Air Prods.*, 755 F.2d at 1564 ("[T]he court must focus on the facts plead, and the relief requested, by the plaintiff in the complaint.").  As the facts in the instant case parallel those in *Pixton* and *Air Products*, the Court concludes that the nature of the Declaratory Judgment Claim is infringement, even though it contains a contract issue intended to defeat Defendant's defense of license.

Defendant argues that the Declaratory Judgment Claim is based on breach of contract because Plaintiff "must establish that Trans Ova breached the license in order for the patent claims to have any merit." (ECF No. 92 at 8.)  However, the nature of the case is not determined by the sequence of the analysis required; the infringement issue remains central to Plaintiff's complaint despite the fact that "the most expeditious conduct of the trial would necessitate that the license issue be resolved first".  *Air Prods.*, 755 F.2d at 1563.  This is true "even where the complaint anticipates a defense of license" and includes an affirmative claim intended to rebut that defense, as here.  *Id.* at 1564.  Thus, the order of the substantive analysis is not dispositive.

Furthermore, the fact that the Court must determine whether the license was terminated as a prerequisite to the infringement claims actually ties the Declaratory Judgment Claim more closely to the infringement claims, further emphasizing its essential nature in infringement.  Plaintiff cannot recover damages for the alleged breaches of contract cited in the Termination Letter, on which the Agreement was purportedly terminated, because those breaches occurred outside the statute of limitations.  Nor does Plaintiff's Declaratory Judgment Claim seek damages for such breaches.  Rather, the relief sought in the Declaratory Judgment Claim is termination of the Agreement, to defeat Defendant's license defense so that the infringement claims may be found valid.  Thus, focusing on the relief requested and the facts pled, the Declaratory Judgment Claim is in the nature of infringement.  *See Air Prods.*, 755 F.2d at 1564.

Accordingly, taking guidance from the Federal Circuit, the Court finds that the nature of the Declaratory Judgment Claim is patent infringement, despite the fact that

the contractual issue must be determined before the merits of any infringement claim can be resolved. See *Pixton*, 291 F.3d at 1327; *Air Prods.*, 755 F.2d at 1563. Thus, the Declaratory Judgment Claim, which is intended to defeat Defendant's defense of license, borrows the relevant limitations period from the patent infringement claims. See *Bechler*, 222 F.2d at 220. The statute of limitations for a patent infringement claim seeking damages is six years, *see* 35 U.S.C. § 286, but there is no explicit limitations period for an infringement claim which seeks no damages. Even under the six-year statute, however, the Court finds that the Declaratory Judgment Claim is not time-barred. Thus, the Motion is denied as to the Declaratory Judgment Claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Defendant's Early Partial Motion for Summary Judgment (ECF No. 51) is GRANTED IN PART and DENIED IN PART;

2. The Motion is GRANTED as to Plaintiff's Breach of Contract Claim to the extent that it accrued before March 6, 2009; and

3. The Motion is DENIED in all other respects.

Dated this 15th day of September, 2014.

BY THE COURT:

_William J. Martinez_
United States District Judge