**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0876-WJM-NYW

XY, LLC,

    Plaintiff / Counterclaim Defendant,

v.

TRANS OVA GENETICS, LC,

    Defendant / Counterclaim Plaintiff / Third-Party Plaintiff,

v.

INGURAN, LLC,

    Third-Party Defendant.

---

**ORDER DENYING MOTION TO RECONSIDER**

---

On March 26, 2015, this Court granted summary judgment in favor of Counterclaim Defendant XY, LLC ("XY") and Third-Party Defendant Inguran, LLC ("Inguran"), holding that Counterclaim Plaintiff and Third-Party Plaintiff Trans Ova Genetics, LC ("Trans Ova") was barred by the statute of limitations from asserting its claims under the Sherman Act, 15 U.S.C. § 2.  (ECF No. 284 (the "Order").)  Before the Court is Trans Ova's Amended Motion to Reconsider Ruling on Counterclaim Defendants' Motion for Summary Judgment on Antitrust Counterclaims and Request for Oral Argument ("Motion").  (ECF No. 288.)  For the reasons stated below, the Motion is denied.

## I.  DISCUSSION

District courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment.  See *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011).  Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e), or a motion for relief from judgment brought pursuant to Rule 60(b), are not satisfied.  See *Laird v. Stilwill*, 982 F. Supp. 1345, 1353–54 (N.D. Iowa 1997).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'"  *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)).  "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Id.*  Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."  *Id.*  Such motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Thus, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*

Trans Ova's Motion claims that the Court's Order was erroneous because the Court misconstrued its arguments and evidence, particularly the deposition testimony of its damages expert, Dr. David DeRamus, in holding that Trans Ova's antitrust claims were barred by the four-year statute of limitations. (ECF No. 288.)

In the Order, the Court evaluated Trans Ova's argument that its claims were timely under the "continuing conspiracy" exception to the statute of limitations, which restarts the limitations period when a plaintiff is injured anew by a defendant's independent overt act furthering a conspiracy that began before the limitations period. *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F.3d 1073, 1088 (10th Cir. 2006). "[F]or an act to trigger the exception: 1) It must be a new and independent act that is not merely a reaffirmation of a previous act; and 2) it must inflict new and accumulating injury on the plaintiff." *Id.* (internal quotation marks omitted). Trans Ova's brief in opposition to XY and Inguran's Motion for Summary Judgment focused on identifying independent and distinct acts occurring within the limitations period, and argued that Dr. DeRamus's testimony supported a finding that such acts "together have the effect of harming competition over time and through the present." (ECF No. 247 at 15.) The Court noted that Trans Ova had identified numerous acts that could be construed as "new and independent," but concluded that the continuing conspiracy exception did not apply because Trans Ova had failed to identify "new and accumulating injury" flowing from such acts. (ECF No. 284 at 5–6 ("Instead, Trans Ova refers generally to its injury resulting from Counterclaim Defendants' exclusion of Trans Ova from the technology and sex-sorting markets.").)

3

Trans Ova now contends that the Court "misapprehended" Dr. DeRamus's deposition testimony, "disregarded" Trans Ova's arguments regarding the finality of the Termination Letter, and committed clear error in concluding that Trans Ova had failed to establish that the continuing conspiracy exception applied. (ECF No. 288.) Trans Ova's arguments disclose that it has misapprehended the Court's Order, and has disregarded the required analysis under Tenth Circuit and Supreme Court caselaw.

Trans Ova argues that the Court ignored its allegations that the Termination Letter was not a final act completely destroying Trans Ova's ability to compete in the relevant markets, and instead was the first in a series of acts "that resulted in XY and Inguran's ability to cement their monopolies." (ECF No. 288 at 5.) In discussing the issue of finality, Trans Ova refers to *Kaw Valley Electric Cooperative Co., Inc. v. Kansas Electric Power Cooperative, Inc.*, 872 F.2d 931, 934 (10th Cir. 1989). *Kaw Valley* evaluated an antitrust conspiracy claim involving the defendant's alleged refusal to deal with the plaintiff. The Tenth Circuit considered similar cases from the Ninth Circuit which evaluated whether the initial refusal to deal was a final act that permanently excluded the plaintiff from the market, and concluded that because the evidence indicated that defendant's decision not to deal was final, no subsequent act operated to restart the statute of limitations. *Id.* at 933–35. In contrast, the Tenth Circuit's subsequent decision in *Champagne Metals* involved a refusal to deal in which the defendant's decision required further action, namely to pressure third parties to join in excluding the plaintiff, which caused it to be denied access to each of these third parties' business. 458 F.3d at 1089. As such, the *Champagne Metals* court held that

the antitrust claims were not time barred because of the continuing conspiracy exception. *Id.*

Trans Ova's focus on the finality issue ignores the explicit requirement, reiterated in each of these authorities, that the alleged subsequent independent acts be shown to "inflict new and accumulating injury on the plaintiff." *Id.* at 1088. This requirement, stated somewhat differently in the Supreme Court caselaw from which it arises, allows a plaintiff to recover for new injuries resulting from subsequent acts that are not time barred. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) ("[E]ach time a plaintiff is injured by an act of the defendants a cause of action accrues to him to recover the damages caused by that act and . . . , as to those damages, the statute of limitations runs from the commission of the act."). The Court's Order did not discuss Trans Ova's finality argument because it assumed that the Termination Letter was not a final act that permanently excluded it from the market, but nevertheless found that Trans Ova did not meet the threshold requirement to show that any subsequent acts caused new injuries. (*See* ECF No. 284 at 6.) Indeed, Trans Ova's response in opposition to summary judgment did not discuss the issue at all, relying solely on its evidence of a lack of finality. (*See* ECF No. 248.) It was Trans Ova's burden, in opposing summary judgment, to present evidence that the continuing conspiracy exception applied, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), and the Court concluded that Trans Ova's failure to address the new injury prong of the analysis fell short of meeting that burden. (ECF No. 284 at 7.)

In the instant Motion, Trans Ova now argues that it suffered "two categories of new and accumulating injury" resulting from XY's and Inguran's post-Termination Letter acts. (ECF No. 288 at 11.) The Court will not permit Trans Ova to supplement its response in opposition to summary judgment in the guise of a motion for reconsideration, when such arguments should have been included in its prior briefing. *See Servants of Paraclete*, 204 F.3d at 1012. Trans Ova failed to identify a genuine issue of material fact as to the new injury prong of the continuing conspiracy exception, and it may not have a second bite at the apple merely because the Court ruled against it.[1]

Trans Ova next argues that the Court committed clear error because it misapprehended Dr. DeRamus's deposition testimony by reading it out of context. (ECF No. 288 at 7–11.) Trans Ova insists that, correctly read, Dr. DeRamus's testimony supports its argument that it was injured by exclusion from two separate markets (the technology and sorting markets), damages from each of which would be roughly the same, but that the Court misapprehended Dr. DeRamus's statements to mean that the same damages would result under an antitrust theory or a breach of contract theory. (*Id.* at 8–9.) Trans Ova also argues that, if Dr. DeRamus's testimony was ambiguous, the Court erroneously resolved that ambiguity in favor of XY and Inguran rather than Trans Ova. (*Id.* at 11.)

---

[1] Trans Ova's Motion contains a footnote suggesting that the brevity of the Order indicates the Court gave short shrift to Trans Ova's arguments, considering the dollar value and potential economic impact of its antitrust claims. (ECF No. 288 at 1 n.1.) As Trans Ova's counsel is surely aware, judicial resources are not allocated in proportion to the value of the claims alleged. The Court's Order sufficiently analyzed Trans Ova's arguments to identify its failure to support them. No more was required.

Even assuming the Court took Dr. DeRamus's testimony out of context, Trans Ova appears to have misunderstood the Court's purpose in citing this evidence in its Order.[2]  The Order did not rely on Dr. DeRamus's testimony as evidence that no new injury had been inflicted, but rather stated that the testimony did not provide any support for Trans Ova's arguments.  (ECF No. 284 at 6.)  Nor did the Court find Dr. DeRamus's testimony ambiguous or have cause to otherwise interpret it.  Instead, the Court held that "Dr. DeRamus's report does not assist Trans Ova in identifying any particular post-Termination Letter damage as a 'new and accumulating' injury resulting from the subsequent acts it identifies in its Response . . . ."  (*Id.*)  The instant Motion does not change that analysis.

Trans Ova's Reply in support of the Motion further argues that XY and Inguran, as well as the Court, have erroneously conflated injury with damages, and thus misinterpreted Dr. DeRamus's testimony as presenting evidence obviating a continuing injury.  (ECF No. 291 at 6–7.)  Again, Trans Ova misunderstands the Court's citation of Dr. DeRamus's testimony as "reliance" on it as a "factual basis" proving a lack of new injury (*id.* at 6, 10), when the Order explicitly stated only that Dr. DeRamus's testimony

---

[2] For example, Trans Ova asserts that the Court's "resistance" to finding any evidence of new and accumulating injury was "based on" a misinterpretation of Dr. DeRamus's testimony (ECF No. 291 at 6), when the Court merely found that Dr. DeRamus's testimony did not provide support for such injury (ECF No. 284 at 6).  Trans Ova has also misread the Court's assumption *arguendo* that new and independent acts had been established, taking the Court's Order as a definitive finding, when the Court made no such finding.  (*Compare* ECF No. 284 at 6 ("Even assuming that these alleged actions constitute 'new and independent act[s] that [are] not merely a reaffirmation of a previous act,' however, Trans Ova must also show that these acts resulted in 'new and accumulating injury' . . . .") *with* ECF No. 291 at 3 ("The Court agreed that new anticompetitive acts directed at Trans Ova did occur in the limitations period, but could not find resulting injuries from those acts . . . .").)  Furthermore, Trans Ova mischaracterizes the Court's finding as to new and accumulating injury; it was not that the Court "could not find" resulting injuries, but that Trans Ova failed to point to any such injuries in its brief.  (*Id.* at 6–7.)

did not help Trans Ova to identify any new injury tied to any post-Termination Letter act. (ECF No. 284 at 6.) It was Trans Ova's failure to provide argument and cite evidence as to both prongs of the continuing conspiracy inquiry, not the Court's alleged misapprehension of Dr. DeRamus's testimony, that led to the Court's conclusion that summary judgment was appropriate. Trans Ova's belated assertion that "reams of admissible evidence" support a finding of new injury (ECF No. 291 at 10) does not cure its failure to present such evidence in its prior briefing. *See Servants of Paraclete*, 204 F.3d at 1012; *see also Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) ("[O]n a motion for summary judgment, 'it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record.'"); *Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000) (the Court is "not obligated to comb the record in order to make [the plaintiff's] arguments for [it]").

Finally, the title of the Motion requests oral argument (ECF No. 288 at 1), but the Motion's content fails to identify any reason for the Court to depart from its usual course to decide the Motion on the papers. The parties' briefing on the Motion was thorough and obviates the necessity for any further argument. The Court therefore denies the request for oral argument.

## II. CONCLUSION

For the reasons set forth above, Trans Ova's Amended Motion to Reconsider Ruling on Counterclaim Defendants' Motion for Summary Judgment on Antitrust Counterclaims and Request for Oral Argument (ECF No. 288) is DENIED.

Dated this 23rd day of September, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge