# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00876-WJM-NYW

XY, LLC,

    Plaintiff/Counter Defendant,

v.

TRANS OVA GENETICS, LC,

    Defendant/Third Party
    Plaintiff/Counter Claimant

v.

INGURAN, LLC

    Third Party Defendant.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on three motions:

(1)    Unopposed Motion For Leave To Restrict Exhibits B, C, D and E to Trans Ova Genetics, L.C.'s Daubert Motion to Exclude and Limit the Testimony and Report of XY, LLC's Damage Expert Todd Schoettelkotte ("Schoettelkotte Motion to Restrict") [#324], filed on October 30, 2015 by Defendant Trans Ova Genetics L.C. ("Trans Ova");

(2)    Amended Unopposed Motion For Leave To Restrict Exhibits A, B, D, and E to Trans Ova Genetics, L.C.'s Daubert Motion to Exclude Portions of the Expert Reports and to

Limit Testimony of XY, LLC's Expert Dr. James C.S. Wood ("Wood Motion to Restrict") [#327], filed on October 30, 2015 by Trans Ova;[1] and

(3) Unopposed Motion for Leave to Restrict Exhibits A – C to Motion of XY, LLC and Inguran, LLC to Exclude Expert Testimony ("XY Motion to Restrict") [#328] filed on October 30, 2015 by Plaintiff XY, LLC ("XY") and Counterclaim Defendant Inguran ("Inguran").

These three motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(a), the Order of Reference dated April 10, 2013 [#12], and the memoranda dated November 2, 2015 [#331, #332, #333]. Having considered the various motions, as well as the documents associated with them, the court hereby GRANTS IN PART, and DENIES IN PART as follows.

## BACKGROUND

This case arises from a dispute between the Parties concerning a License Agreement originally entered into between XY and Trans Ova that allowed Trans Ova to use certain XY patents. [#301 at 3]. After Inguran acquired XY, it determined that Trans Ova had allegedly breached the License Agreement, and therefore, terminated the License Agreement on November 20, 2007. [*Id.* at 4]. XY alleges that Trans Ova breached the License Agreement in various ways, including the underpayment of royalties, violation of the improvements clause that governed improvements made to XY's licensed intellectual property rights, unauthorized

---

[1] This Amended Motion replaced the original Motion for Leave To Restrict Exhibits A, B, C, and E to Trans Ova Genetics, L.C.'s Daubert Motion to Exclude Portions of the Expert Reports and Limit the Testimony and Report of XY, LLC's Damage Expert Dr. James C.S. Wood filed on October 30, 2015 [#320], which does not appear to be unopposed but otherwise, looks substantially similar.

2

purchase of certain associated equipment, engaging in third-party development activities, breach of confidentiality, and exceeding the number of permitted sales. [*Id.* at 6]. In addition, XY alleges that TransOva has continued to infringe XY's previously licensed patents. [*Id.* at 7-8]. XY asserts that these alleged breaches have resulted in damages well in excess of $3,000,000. [*Id.* at 9].

Trans Ova denies these charges, and asserts that the patents are unenforceable due to patent misuse, are invalid, and have not been infringed. [*Id.* at 19-20]. Trans Ova also contends that XY's contract claims are barred by the statute of limitations, [#301 at 22], and asserts its own claims against XY and Inguran. Along with its counterclaims of unenforceability, invalidity, and non-infringement, Trans Ova raised a claim for monopolization and attempted monopolization in violation of Section 2 of the Sherman Antitrust Act, which was subject to summary judgment in favor of XY and Inguran, [#284, #315]

Pursuant to the Practice Standards for Civil and Criminal Practice before the Honorable William J. Martinez, motions under Rule 702 of the Federal Rules of Evidence are due not later than 70 days prior to the Final Trial Preparation Conference. *See* WJM Revised Practice Standards, § III.F.4. Judge Martinez set the Final Trial Preparation Conference for January 8, 2016, and accordingly, the Parties' Rule 702 motions were due on October 30, 2015. These instant motions to restrict relate to such motions.

## ANALYSIS

**I. Standard of Review**

With respect to discovery materials filed in proceedings before this court, the Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner*

*Communications, Inc.*, 435 U.S. 589, 597 (1978).  This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system.  *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002).  Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F.Supp. 799, 801 (D. Colo. 1996).  There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997).

Accordingly, documents filed with this District are presumptively available to the public, and the burden is on the party seeking restriction to justify such relief.  D.C.COLO.LCivR 7.2(a). A showing of compelling reasons for restriction of public access is necessary, as it is critical that the public be able to review the factual basis of this court's decisions and evaluate the court's rationale so that it may be confident that the court is functioning as a neutral arbiter.  *Cf. McVeigh*, 119 F.3d at 814.  Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate.  D.C.COLO.LCivR 7.2(b)(1)–(4). As a result, a party seeking to restrict access may not simply point to confidentiality designations with respect to materials produced in discovery and/or state that it "believes" certain materials are competitively sensitive (without evidentiary support) in an attempt to secure

wholescale sealing of entire legal briefs and accompanying exhibits. Whether a party has designated a document "confidential" or even "attorney's eyes only" is not dispositive, and may not even be helpful, to the court's analysis.

## II. Application to the Motions to Restrict

For each of the Motions to Restrict, the filing Party has submitted the documents proposed for restriction in a separate docket entry. Exhibits B, C, D and E associated with the Schoettelkotte Motion to Restrict are filed as [#325, #325-1, #325-2, and #325-3]. Exhibits A, B, D, and E associated with the Wood Motion to Restrict are filed as [#321, #321-1, #321-2, and #321-3]. Exhibits A – C associated with XY Motion to Restrict are filed as [#329, #329-1, #329-2]. Each of the respective Motions to Restrict contends that the deposition testimony at issue, or the documents, contain "sensitive information" about various topics, which, if disclosed, "would put the parties at a competitive disadvantage." [#324], [#327], and [#328]. None of the motions address D.C.COLO.LCivR 7.2(c)(4), *i.e.*, why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question.

### A. Schoettelkotte Motion to Restrict

Trans Ova seeks to restrict the deposition of Mr. Schoettelkotte [#325], his expert report [#325-1], the Commercial License Agreement between Trans Ova and XY [#325-2], and a Semen Sorting Agreement between Inguran and Trans Ova [#325-3]. As an initial matter, the court has previously restricted the Commercial License Agreement between Trans Ova and XY ("Commercial License Agreement"), and consistent with the prior holding, this court will restrict [#325-2] as containing confidential business information that the Parties assert would place them at a competitive disadvantage if disclosed. *See Health Grades, Inc. v. MDx Medical, Inc.*, No.

11-cv-00520-PAB-BNB, 2013 WL 154155, at *2 (D. Colo. Jan. 15, 2013). For that same reason, this court will restrict the Semen Sorting Agreement between Inguran and Trans Ova [#325-3]. *Id.*

However, I do not find an adequate basis for the complete restriction of either Mr. Schoettelkotte's deposition or expert report [#325, #325-1]. One basis for the Rule 702 Motion with respect to Mr. Schoettelkotte is that he may not testify as to certain conclusions about the Commercial License Agreement. [#326]. A fair bit of Mr. Schoettelkotte's deposition testimony attached as [#325] is about his professional qualifications, and about the scope of his expert engagement. In contrast with his testimony about certain provisions of the Commercial License Agreement, testimony about professional qualifications and about the scope of his engagement implicates no sensitive confidential information; it also forms the basis for the relief sought by Trans Ova in its Rule 702 Motion with respect to Mr. Schoettelkotte. Accordingly, this court will restrict [#325] as a Level 1 document, but will order Trans Ova to file a redacted version of [#325], eliminating only the discussion specific to the Commercial License Agreement but not Mr. Schoettelkotte's qualifications or undertaking in this case. *See L-3 Commc'ns Corp. v. Jaxon Eng'g & Maintenance, Inc.*, No. 10-cv-02868-MSK-KMT, 2013 WL 5437775, at *8 (observing that wholesale restriction of a document is improper when portions are not sensitive in nature). Similarly, swaths of the excerpts from Mr. Schoettelkotte's expert report [#325-1] are not sensitive in nature. For instance, it appears the first seven pages relate to publicly known information about Mr. Schoettelkotte's qualifications, the basis for his work in this case, and the allegations from the public record about Trans Ova's purported breach of the Commercial License Agreement. Because Trans Ova relies on Mr. Schoettelkotte's qualifications as a basis

to exclude certain of his opinions, this court ORDERS Trans Ova to file a version of the excerpts from Mr. Schoettelkotte's expert report limiting the redactions to only truly sensitive commercial information. *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012) (underscoring that parties should not routinely or reflexively seek to seal materials upon which they predicate their arguments for relief).

### B.   Wood Motion to Restrict

Trans Ova also seeks to restrict access to the Opening Expert Report for James C.S. Wood relating to breach of contract and patent infringement [#321], Expert Report of Dr. James C.S. Wood Invalidity Rebuttal [#321-1], excerpts from Dr. Wood's depositions testimony [#321-2]; and the Commercial License Agreement [#321-3] associated with its Rule 702 Motion seeking to limit the testimony and expert opinions provided by Dr, Wood. As discussed above, the court has and will continue to restrict the Commercial License Agreement [#321-3]. But as with Mr. Schoettelkotte, Trans Ova challenges Dr. Wood on his qualification to testify about certain topics. *See, e.g.*, [#322 at 6-7]. In doing so, Trans Ova cites various excerpts from Dr. Wood's deposition. [*Id.*] These excerpts are not entitled to restriction. In addition, Trans Ova challenges Dr. Wood's opinions regarding willful infringement. [#322 at 12-14]. In reviewing his expert report with respect to willful infringement [#321 at 21] and comparing it with the contents of Trans Ova's motion [#322 at 12-14], it seems clear that some of the material in Dr. Wood's Opening Expert Report should not be restricted because it has been publicly disclosed in the motion itself. While the court recognizes that sensitive business information is interwoven in other portions of the expert reports, the court concludes that it is appropriate for Trans Ova to file versions of [#321], [#321-1], and [#321-2] that redacts only the sensitive business information.

C.     **XY Motion to Restrict**

XY and Inguran seek to restrict access to Exhibits A-C to its Motion to Exclude Expert Testimony [#330], namely the Expert Damages Report of David W. DeRamus, Ph.D. [#329]; excerpts from Dr. DeRamus's deposition [#329-1]; and the Expert Liability Report of Dr. DeRamus [#329-2]. As a basis of their request, XY and Inguran assert that these reports and deposition testimony contain "highly sensitive financial information of both XY and Trans Ova." [#328].

With respect to the Expert Liability Report of Dr. DeRamus, the court is hard-pressed to see how the majority of the excerpt is confidential in any way. The first several pages of the exhibit disclose information regarding Dr. DeRamus's qualifications, the scope of his engagement, a summary of his conclusions which XY and Inguran seek to preclude in its Motion to Exclude Expert Testimony, and the industry background. [#329-2 at 2-11]. The majority of the footnoted citations are to publicly available documents. *See, e.g.*, [#329-2 at 11-13, n.5- n.11]. While the court finds that information starting on page 16 of Exhibit C reflects confidential information in such a manner that it cannot easily be separated and may be properly restricted, the court concludes that XY and Inguran must file a version of [#329-2] that reflects Dr. DeRamus's qualifications, the scope of his engagement, non-confidential summary conclusions and the industry background, with only the truly sensitive business information redacted.

After reviewing Dr. DeRamus's Damages Expert Report [#329] and his deposition testimony [#329-1], the court concludes that the confidential information reflected in these

exhibits are sufficiently intertwined that redaction is not practicable, and therefore, the court will RESTRICT [#329] and [#329-1] without requiring the filing of a redacted version.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Unopposed Motion For Leave To Restrict Exhibits B, C, D and E to Trans Ova Genetics, L.C.'s Daubert Motion to Exclude and Limit the Testimony and Report of XY, LLC's Damage Expert Todd Schoettelkotte  [#324] is **GRANTED IN PART** and **DENIED IN PART**;

(2)   The Clerk of the Court is **DIRECTED** to **MAINTAIN AS LEVEL 1 RESTRICTED** [#325], [#325-1], [#325-2], and [#325-3];

(3)   Trans Ova is **DIRECTED** to **FILE** redacted versions of [#325] and [#325-1] consistent with the direction set forth herein no later than **November 19, 2015**;

(4)   Amended Unopposed Motion For Leave To Restrict Exhibits A, B, D, and E to Trans Ova Genetics, L.C.'s Daubert Motion to Exclude Portions of the Expert Reports and Limit the Testimony and Report of XY, LLC's Damage Expert Dr. James C.S. Wood  [#327]  is **GRANTED IN PART** and **DENIED IN PART**;

(5)   The Clerk of the Court is **DIRECTED** to **MAINTAIN AS LEVEL 1 RESTRICTED** [#321], [#321-1], [#321-2], and [#321-3];

(6)   Trans Ova is **DIRECTED** to **FILE** redacted versions of [#321], [#321-1], and [#321-2] consistent with the direction set forth herein no later than **November 19, 2015**;

(7)   Unopposed Motion for Leave to Restrict Exhibits A – C to Motion of XY, LLC and Inguran, LLC To Exclude Expert Testimony ("XY Motion to Restrict") [#328] is **GRANTED IN PART** and **DENIED IN PART**;

(8)     The Clerk of the Court is **DIRECTED** to **MAINTAIN AS LEVEL 1 RESTRICTED** [#329], [#329-1], [#329-2]; and

(9)     XY and/or Inguran are DIRECTED to FILE a redacted version of [#329-2] consistent with the direction set forth herein no later than **November 19, 2015**.

DATED:  November 12, 2015                       BY THE COURT:

                                                s/ Nina Y. Wang
                                                United States Magistrate Judge