**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0876-WJM-NYW

XY, LLC,

    Plaintiff / Counterclaim Defendant,

v.

TRANS OVA GENETICS, LC,

    Defendant / Counterclaim Plaintiff / Third-Party Plaintiff,

v.

INGURAN, LLC,

    Third-Party Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO CONSTRUE ANTITRUST COUNTERCLAIMS AS
RECOUPMENT COUNTERCLAIMS**

---

On March 26, 2015, this Court granted summary judgment in favor of Counterclaim Defendant XY, LLC ("XY") and Third-Party Defendant Inguran, LLC ("Inguran"), holding that Counterclaim Plaintiff and Third-Party Plaintiff Trans Ova Genetics, LC ("Trans Ova") was barred by the statute of limitations from asserting its claims under the Sherman Act, 15 U.S.C. § 2.  (ECF No. 284.)  Before the Court is Trans Ova's Motion to Construe Antitrust Counterclaims as Recoupment Counterclaims ("Motion"), which seeks to reassert the antitrust claims as claims in recoupment.  (ECF No. 316.)  For the reasons stated below, the Motion is granted as to the recoupment claims against XY, but denied as to the claims against Inguran.

## I.  DISCUSSION

Trans Ova's operative Amended Answer and Counterclaims, filed on April 25, 2014, includes Sherman Act claims against both XY and Inguran but does not assert a recoupment defense.  (ECF No. 192 at 59–60.)  After the Court granted summary judgment on the Sherman Act counterclaims based on the statute of limitations, Trans Ova filed a Motion for Reconsideration.  (ECF No. 288.)  While the Reconsideration motion was pending, a Final Pretrial Order was entered in which Trans Ova included the following statement:

> In the event the Court denies Trans Ova's Motion for Reconsideration, Trans Ova will ask the Court to construe its antitrust counterclaims as affirmative defenses in the equitable nature of recoupment.  The evidence and analysis of recoupment as a defense are identical to [the] affirmatively stated counterclaims, but permit only an offset against money damages awarded to XY rather than an affirmative damages award which could exceed any amount XY may be awarded.  As a defense, recoupment is not subject to a limitation on actions.

(ECF No. 301 at 22.)  The Court denied Trans Ova's Motion for Reconsideration on September 23, 2015 (ECF No. 315), and the instant Motion followed.

The Court will discuss in turn each issue raised by Trans Ova's Motion: (1) whether its pleadings may be amended to bring its substantive antitrust claims via a recoupment defense; and (2) whether such claims constitute proper claims in recoupment that may be asserted against XY and Inguran.

### A.  Legal Standard for Amendment

Trans Ova argues that its recoupment claims are factually and legally identical to claims already asserted in its Amended Counterclaims, and that "no true amendment is

2

thus necessary," but nevertheless moves pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend its pleadings. (ECF No. 316 at 1.) The Court disagrees with Trans Ova's assertion, made without any citation to authority, that no amendment is necessary when it attempts to raise a previously unasserted defense. Accordingly, as Trans Ova seeks to belatedly assert a recoupment defense, it must obtain leave to amend.

Rule 15(a)(2) requires a party to seek the Court's leave to amend its pleadings where the time provided for a first amendment in Rule 15(a)(1) has passed, and where the opposing party has not consented to the amendment in writing. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, after the Scheduling Order's deadline for amendment of pleadings has elapsed, a party seeking to amend must also show that "good cause" exists to modify the schedule under Rule 16(b)(4). *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1240–41 (10th Cir. 2014); *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518–19 (10th Cir. 1990). Trans Ova's initial Motion does not discuss the good cause standard, but in reply to the assertion by XY and Inguran that such a showing is required, Trans Ova does not contest that it applies. (ECF No. 338 at 2–3.) Instead, Trans Ova argues that good cause has been shown and its delay in asserting these recoupment claims was appropriate. (*Id.*)

The Court first notes that Trans Ova's decision not to plead recoupment in the alternative, particularly after XY and Inguran filed their Motion for Summary Judgment as to the antitrust claims (ECF No. 229), was a questionable strategy. Trans Ova contends in its Reply that the Court has already expressed its approval of Trans Ova's

3

counsel's decision not to "burden[] the Court with additional paper" by filing the instant Motion until after receiving a ruling on the Motion for Reconsideration (*see* ECF No. 338 at 2–3), but Trans Ova misinterprets the Court's statements as approving of Trans Ova's delay in asserting recoupment after the deadline for amendments. To the contrary, the Court has not yet made a good cause finding as to that delay.

Regardless, the Court now finds that good cause exists here. While recoupment could—and perhaps should—have been pled in the alternative to the affirmative Sherman Act claims, that alternative pleading was unnecessary under this case's particular circumstances because the entirety of the factual and legal basis for the defense had been timely pled and fully discovered. Because of the substantive equivalence of these claims, XY and Inguran were not prejudiced by the delay. Consequently, Trans Ova proceeded diligently after receiving the Court's order denying reconsideration by promptly filing the instant Motion to add the recoupment defense. Accordingly, the Court finds that good cause exists to permit a modification of the amendment deadline under Rule 16(b)(4), and "freely give[s] leave" to amend under Rule 15(a)(2). Trans Ova's recoupment defense shall therefore be permitted to remain as pled in the Final Pretrial Order, subject to the below analysis on the merits. (ECF No. 301 at 22.)

**B.   Recoupment**

    1.   Elements of a Recoupment Claim

"Recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Bull v. United States*, 295 U.S. 247, 262 (1935). In essence, a successful claim in recoupment allows a

defendant to offset the amount of a successful plaintiff's recovery. "Recoupment claims are generally not barred by a statute of limitations so long as the main action is timely." *Reiter v. Cooper*, 507 U.S. 258, 264 (1993).

"In order to constitute a claim in recoupment (1) the claim must arise from the same transaction or occurrence as the plaintiff's suit; (2) the claim must seek relief of the same kind or nature; and (3) the claim must seek an amount not in excess of the plaintiff's claim." *Fed. Deposit Ins. Corp. v. Hulsey*, 22 F.3d 1472, 1487 (10th Cir. 1994) (citing *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir. 1967)); *Berrey v. Asarco Inc.*, 439 F.3d 636, 645 (10th Cir. 2006) (same). A recoupment counterclaim satisfies the first element ("the same transaction or occurrence") if it is a compulsory counterclaim under Federal Rule of Civil Procedure 13(a), which requires a showing that "the issues of fact and law raised by the principal claim and the counterclaim are largely the same." *Hulsey*, 22 F.3d at 1487. The second element is satisfied if both the principal claim and the recoupment claim seek monetary damages, and the third element is satisfied if the recoupment claim is limited to an offset of the amount of damages plaintiff seeks. *Id.* at 1487–88 (noting that a party whose affirmative counterclaim is properly recast as a recoupment claim "should be granted leave to amend the pleadings" and reduce its prayer for damages).

XY and Inguran argue that Trans Ova's antitrust claim cannot properly be asserted in recoupment because it deals with different issues of fact and law from XY's principal claims of breach of contract and patent infringement. (ECF No. 319 at 8–10.) On its face, this argument appears persuasive; the Sherman Act requires a completely

different, and quite complex, analysis from contract and patent law. However, on review of Tenth Circuit authority applying this prong of the recoupment standard, the Court concludes that it is not a strict requirement that both claims involve identical factual and legal issues.

In *Hulsey*, the Federal Deposit Insurance Corporation (the "FDIC") was a successor in interest to a loan that a now-insolvent bank had issued to the defendant. 22 F.3d at 1477. The FDIC filed an action seeking to foreclose on properties securing the loan, and in response, the defendant filed counterclaims asserting breach of the loan agreement and various tort claims. *Id.* at 1478. Despite the fact that the foreclosure action involved different legal issues from the tort claims, and "more evidence will be necessary to support or refute the counterclaims relating to the loan agreements than is necessary to support the FDIC's suit," the Tenth Circuit held that those of the tort-based counterclaims that arose out of the loan agreements satisfied the first element for claims in recoupment. *Id.* at 1487. This was so because the issues of fact and law, though not identical, "ar[o]se out of the same debtor/creditor relationship" in that those tort claims challenged "actions taken in administering and collecting the loan and preserving the collateral securing the loan. Thus, the issues of fact and law surrounding this relationship are largely the same." *Id.* Accordingly, the Tenth Circuit remanded to the district court for a determination of which counterclaims arose from the loan agreements, which could constitute claims in recoupment, and which counterclaims alleged actions involving the loan transfer agreements between the now-insolvent bank and the FDIC, which would "interject new controversies into the case . . . and therefore are not claims in recoupment." *Id.*

Following the guidance provided by *Hulsey*, the Court finds that Trans Ova's antitrust claims involve largely the same issues of fact and law as XY's breach of contract and infringement claims because the alleged anticompetitive acts arise from the same license agreement and resulting "relationship" between XY and Trans Ova. Like *Hulsey*, these claims all flow from a single contractual agreement and the relationship created by that agreement, which may be deemed to involve the same issues of fact and law for purposes of recoupment. Although additional evidence regarding market power and anticompetitive effects is required to present Trans Ova's antitrust claims, that evidence relates to the license agreement and the subsequent relationship between XY and Trans Ova, in parallel to the evidence supporting the tort counterclaims arising from the loan agreement in *Hulsey*. *See id.* Accordingly, the Court concludes that the first element for a claim in recoupment is satisfied here.

XY and Inguran next argue that the second element of a recoupment claim is not satisfied because Trans Ova has not sought a specific amount of money damages resulting from the alleged antitrust violations. (ECF No. 319 at 10–11.) The Court is not persuaded that this prevents Trans Ova from asserting a proper claim in recoupment, particularly in light of *Hulsey*. 22 F.3d at 1488 (if the court determines a claim is a proper claim in recoupment, the claimant "should be granted leave to amend the pleadings and to dismiss their prayer for punitive damages"). Both XY and Trans Ova seek monetary damages, which is sufficient to satisfy the second requirement. *See id.* at 1487. Furthermore, the inherent structure of a claim in recoupment limits the available remedy to an offset of whatever monetary amount XY is awarded in the event that it is successful on its claims, and the jury shall be instructed accordingly. As such,

the third element is also satisfied.

The Court concludes that Trans Ova's proposed recoupment claim satisfies the applicable requirements in this Circuit, and all three elements are met.

2.  Inguran

XY and Inguran argue that Trans Ova's recoupment claim is improper because it is asserted against Inguran, a third party, in addition to XY.  (ECF No. 319 at 5–8.)  XY and Inguran's brief cites cases emphasizing that a recoupment claim may not be used to circumvent the statute of limitations on an affirmative cause of action.  (*Id.* (citing *United States v. Dalm*, 494 U.S. 596, 606–08 (1990); *City of St. Paul v. Evans*, 344 F.3d 1029, 1035 (9th Cir. 2003)).)  However, these cases are not precisely on point; the cited opinions in both *Dalm* and *Saint Paul* did not explicitly hold that the claims were not proper recoupment claims, instead ruling that the court lacked jurisdiction to consider the plaintiffs' claims before reaching the issue.  *See Dalm*, 494 U.S. at 607–08; *City of St. Paul*, 344 F.3d at 1035–36.  The Court is therefore unpersuaded by these citations.

Nevertheless, as XY and Inguran note, Trans Ova has failed to present any authority for the proposition that a recoupment claim may be asserted against a third party.  Indeed, Trans Ova admits that it is not entitled to any recovery in the form of an offset "if XY and Inguran are not entitled to monetary relief . . . ."  (ECF No. 338 at 10.)  Inguran cannot be entitled to monetary relief in this action because it has brought no claims; as such, Trans Ova effectively concedes that it cannot obtain any recovery from Inguran via its recoupment claim.

Trans Ova's contention that Inguran is factually involved in XY's alleged anticompetitive actions does not alter this conclusion. While Trans Ova may still seek to prove its factual allegations that Inguran controlled and led XY to take anticompetitive actions that violated the Sherman Act, Trans Ova may *not* seek to hold Inguran, a Third-Party Defendant, separately liable for an antitrust injury by way of a recoupment claim, because recoupment can only be asserted as a defense. *See Citizen Band Potawatomi Indian Tribe of Okla. v. Okla. Tax Comm'n*, 888 F.2d 1303, 1305 (10th Cir. 1989) ("Recoupment is purely defensive and not offensive and applies only to the abatement, reduction, or mitigation of the damages claimed by plaintiff." (internal citations, brackets, and emphasis omitted)), *aff'd in part, rev'd in part on other grounds*, 498 U.S. 505 (1991).

As such, the Court holds that Trans Ova may not bring a claim in recoupment against Inguran, and may only assert its recoupment defense against XY.

## II. CONCLUSION

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Trans Ova's Motion to Construe Antitrust Counterclaims as Recoupment Counterclaims (ECF No. 316) is GRANTED IN PART as to XY and DENIED IN PART as to Inguran; and

2. Trans Ova may assert its substantive antitrust claims at trial as a recoupment defense solely against XY, and may seek by way of remedy an offset in an amount no greater than the amount of XY's recovery, should any be awarded.

Dated this 30th day of December, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge